# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **FRANKLIN W. DAVIS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23CV00022 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **CRYSTAL SMITH,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Franklin W. Davis, Pro Se Plaintiff.*

The plaintiff, Franklin W. Davis, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. He complains that after his 2019 conviction for breaking and entering, the prosecutor learned of evidence proving his innocence, but did not exonerate or compensate him for allegedly being wrongfully incarcerated. Davis has not prepaid the necessary filing costs to proceed with a civil rights action, so he is apparently requesting in forma pauperis status under 28 U.S.C. § 1915(g), which would allow him to pay the filing fee through installments from his inmate trust account. After review of his pleadings, I conclude that he does not qualify to do so because of his allegations and his prior frivolous filings in federal courts. Accordingly, I will summarily dismiss this lawsuit under § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Davis has brought such actions on three or more prior occasions, including *Davis v. Roanoke City Jail*, 7:22CV00611 (W.D. Va. Nov. 23, 2022) (dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim); *Davis v. Roanoke Public Defenders*, 7:22CV00678 (W.D. Va. Feb. 8, 2023) (dismissed under 28 U.S.C. § 1915A for failure to state claim); *Davis v. Roanoke City Police Dep't*, 7:22CV00679 (W.D. Va. Feb. 8, 2023) (dismissed under § 1915A for failure to state claim). Accordingly, Davis may proceed without prepayment of the filing fee only if he has shown that he is in imminent danger of serious physical injury. § 1915(g).

The imminent danger exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner

must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Thus, this imminent danger exception "allows a three-strikes litigant to proceed [without prepayment of the filing costs] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Davis's claims concern past occurrences related to the legal proceedings against him. He does not state facts showing that the alleged actions or inactions of the defendant are likely to cause him any physical harm or injury. His complaints about legal proceedings cannot suffice to show that he was in imminent danger of serious physical injury for purposes of the § 1915(g) exception related to the defendant's conduct when he filed his current lawsuit.

For the stated reasons, I cannot find that Davis is eligible to proceed under the § 1915(g) exception without prepayment of filing costs. Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

-4-

A separate Final Order will be entered herewith.

          DATED: May 5, 2023

          /s/  JAMES P. JONES
          Senior United States District Judge